FILED
FEB 28 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN DURR,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

Civil Action No. 14-337

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

At the time of plaintiff's discharge from the United States Army effective January 8, 1993, he was deemed 30% disabled. Compl. ¶ 3; *see id.*, Ex. (Letter to plaintiff from Lawrence B. Hames, Chief, Physical Disability Branch, U.S. Total Army Personnel Command, Department of the Army, dated December 30, 1992). Plaintiff applied for and was awarded disability retirement benefits, *id.* ¶¶ 4-5, and claims to have learned recently that "several wrongs" occurred with respect to his application for benefits, *id.* ¶ 6. As a result, plaintiff stated, he has been "without the correct percentage of disability retirement which, in turn," has reduced the "retirement award amount that the plaintiff" receives. *Id.* ¶ 8. Plaintiff demands an "award of 100% disability compensation percentage," as well as "incidental damages[] of $3,350,000, compensatory damages[] of $6,950,000; consequential damages[] of $2,850,000; [and] exemplary damages of $3,750.000." *Id.* ¶ 15.

The Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). The Secretary's decision "as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court[.]" *Id.* Therefore, this federal district court does not have jurisdiction over matters relating to veterans benefits. *See Price v. United States*, 228 F.3d 420, 421-22 (D.C. Cir. 2000) (per curiam) ("As amended by the Veterans Judicial Review Act . . . , the Veterans' Benefits Act of 1957 . . . precludes judicial review in Article III courts of [Veterans Administration] decisions affecting the provision of veterans' benefits"), *cert. denied*, 534 U.S. 903 (2001); *see Crosby v. United States*, No. 2:13–cv–96, 2014 WL 101625, at *2 (D.S.C. Jan. 8, 2014) (concluding that district court lacks subject matter jurisdiction to review a claim challenging Veterans Administration's determination regarding service-connected disability benefits); *Jones v Nicholson*, No. 1:07-CV-165, 2011 WL 2160918 (M.D. Ga. June 1, 2011) (dismissing for lack of subject matter jurisdiction veteran's claim for benefits); *Peavey v. Holder*, 657 F. Supp. 2d 180 (D.D.C. 2009) (dismissing challenge to VA's decisions on claim for benefits notwithstanding veteran's "attempts to avoid application of § 511 by labeling his claims as constitutional claims").

The Court will dismiss the complaint for lack of subject matter. An Order is issued separately.

DATE: 2/10/14

United States District Judge